**IN THE COURT OF APPEALS OF IOWA**

No. 17-0544
Filed January 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM JOSEPH PHIPPS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Karen A. Romano (guilty plea) and Jeffrey D. Farrell (sentencing), Judges.

        William Phipps appeals, claiming the district court imposed an illegal sentence. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

        Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

William Phipps appeals his sentence for (1) operating a motor vehicle while intoxicated causing death; enhanced for leaving the scene of a motor vehicle accident resulting in death, in violation of Iowa Code sections 707.6A(1), 321.261(4), and 902.12 (2016), and (2) leaving the scene of an accident resulting in death, in violation of Iowa Code sections 321.261(4) and 321.263. He contends the district court imposed an illegal sentence in assessing a law enforcement initiative (LEI) surcharge and a D.A.R.E. surcharge.

The State concedes the court "lacked statutory authority to impose the D.A.R.E. surcharge under count [2] and both [law enforcement initiative] surcharges." The State argues the D.A.R.E. surcharge on count 1 was permissible.

We may correct an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a). We agree with Phipps and the State that the law enforcement initiative surcharge is not authorized by statute for the specified offenses. *See* Iowa Code § 911.3 (authorizing surcharge for criminal violations under "a. Chapter 124, 155A, 453B, 713, 714, 715A, or 716" and "b. Section 719.7, 719.8, 725.1, 725.2, or 725.3"). We also agree with Phipps and the State that the D.A.R.E. surcharge is not authorized for the leaving-the-scene count. *See id.* § 911.2 ("1. In addition to any other surcharge, the court or clerk of the district court shall assess a drug abuse resistance education surcharge of ten dollars if a violation arises out of a violation of an offense provided for in chapter 321J or chapter 124, division IV."); *see also State v. Gunderson*, No. 14-0529, 2015 WL 162077, at *1 (Iowa Ct. App. Jan. 14, 2015). However, the D.A.R.E. surcharge is authorized for the first count because

section 707.6A(1) incorporates an element under chapter 321J.  *See* Iowa Code §
707.6A(1) *("*A person commits a class 'B' felony when the person unintentionally
causes the death of another by operating a motor vehicle while intoxicated, as
prohibited by section 321J.2"); *State v. Konvalinka*, No. 11-0777, 2012 WL
1860352, at *8 (Iowa Ct. App. May 23, 2012).

The district court ordered the surcharges applied to "each applicable
offense."  Assuming without deciding the surcharges were applied to both
offenses, we affirm the imposition of the D.A.R.E. surcharge on the count of
operating a motor vehicle while intoxicated causing death but vacate the D.A.R.E.
surcharge on the leaving-the-scene-of-the-accident count.  We also vacate the LEI
surcharges on both counts.  We remand for resentencing.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR
RESENTENCING.**